**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

**HENRY GLANDING,**
    **Appellant,**
    **Petitioner**

**Case No : 0 7 - 4 6 9**

**V.**

**THOMAS CARROLL (warden)**
    **Appellee,**
    **Defendant**

## MEMORANDUM OF LAW IN SUPPORT OF WRIT OF HABEAS CORPUS

0 7 - 4 6 9

FILED

JUL 3 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Dated : 7 - 26 - 07

*Henry Glanding Jr.*

**Henry Glanding**
**D.C.C.**
**1181 Paddock Road**
**Smyrna, Delaware 19977**

0

# TABLE OF CONTENTS

| DESCRIPTION | Page No. |
|---|---|
| Table of Contents ............................................................... | i |
| Table of Citation/Authorities ............................................. | ii |
| Nature and Stage of Proceedings ........................................ | iii |
| Procedural Relief ............................................................. | iv |
| Summary of the Arguments ................................................ | v |
| Statement of Facts ........................................................... | vi |

Arguments:

    I.    Defense Counsel Rendered Ineffective Assistance of Counsel In Violation of The Defendant's Rights Under The Sixth and Fourteenth Amendments To The United States Constitution By Failing To Challenge The Validity of The Search Warrant ..............   1

    II.    The State Did Not Prove The Elements of Delaware Code Title 11 Del. C. 1448(b) Because It Did Not Show That The Defendant Used or Attempted To Use Firearms To Cause Death or Serious Physical Injury ...........................................................   11

    III.  Ambiguous Statute .............................................................   14

| Conclusion ....................................................................... | 16 |
| Relief ............................................................................. | 16 |

# TABLE OF CITATIONS / AUTHORITIES

**CASES**                                                    **Page Nos.**

Skinner V. State Del. Supr., 607 A.2d 1170 (1992) …………………………………....    4

Strickland V. Washington 466 U.S. 688 (1984) ………………………………….....    4

Wright V. State Del. Supr., 671 A.2d 1353 (1996) …………………………………...    4

Glanding V. State Del. Supr., 236, 2002 ………………………………………….    4

Illinois V. Gates 462 U.S. 213, 238 (1983) ……………………………………….    5

Jensen V. State Del. Supr., 482 A.2d 105 (1984) ………………………………….    5

Gardner V. State Del. Supr., 567 A.2d 404 (1989) ………………………………….    5

U.S. V. Hendricks 743 F.2d 53 (9th Cir. 1984) …………………………………….....    5

U.S. V. Davis 714 F2d 896 (9th Cir. 1983) ……………………………………….    6

Garner V. State Del Supr., 314 A. 2d 908 (1973) …………………………………….    7

U.S. V. Harris 403 U.U. 573 (1971) …………………………………………….    7

Spinelli V. U.S. 393 U.S. 410 (1969) …………………………………………….    7

U.S. V. Redrick 90 F.3d 1276 (7th Cir. 1996) …………………………………….    7

State V. Transou Tenn. App., 928 5. W. 2d 949 (1996) …………………………….    7

State V. Valentine Tenn. Supr., 911 5.W. 2d 328 (1995) …………………………....    7

State V. Lillie W. Va. Supr., S.E. 2d 101 (1995) …………………………………...    7

U.S. V. M cKinney 143 F.3d 325, 328 (7th Cir. (1998) ……………………………….    9

U.S. V. Leon  468 U.S. 897 (1984) …………………………………………….    13

Dorsey V. State 761 A.2d 807 (2000) …………………………………………….    13

Matter of Surcharge Classification 0133 Del. Supr., 655 A. 2d 295 (1994) ……………. 14-15

Winters V. Township of Voorhees  N.J. Super. , 726 A.2d 1013, 1016 (1998) ………….    15

Kane V. State Del. Supr., 327 A.2d 744 (1974) …………………………………….    15

In Re, Shylish 743 U.S. 165 (1999) …………………………………………….    15

Jones V. U.S. No. 97-6203 (1999) ……………………………………………...

## NATURE AND STAGE OF THE PROCEEDINGS

Petitioner was charged on May 11, 2001 which led to a Indictment on June 4, 2001 in the
State of Delaware with numerous offenses, which were Possession of a Firearm By Person
Prohibited and Possession of Firearm Ammunition By Person Prohibited which the latter charge
was dropped. These charges were severed from Drug and related offenses by Motion of the
Defendant. Petitioner went to trial on March 5, 2002 for the Possession of the Firearm By Person
Prohibited which Petitioner was charged with fifteen counts of the same and one offense which
is Illegal Petitioner was found guilty on March 6, 2002 Petitioner was sentenced on April 23,
2002 which Petitioner than Appeals by way of Direct Appeal on May 6, 2002 which was denied.
Petitioner than files a Post-Conviction Relief Motion to the Superior Court of Kent County
Delaware on November 19, 2004 which was denied, Petitioner than Appeals this to the Supreme
Court of the state of Delaware on January 4, 2005 which was denied. Petitioner has been denied
on all his Motions filed in the Lower Courts. This calls for Petitioner to file a Writ of Habeas
Corpus before this Honorable Court, since Petitioner has sought relief on all these grounds to the
highest Court in his State and due to the fact that the Lower Courts have failed to recognize the
violations of the Petitioners Constitutional Rights which have prejudice the Petitioner in this
case.

## **PROCEDURAL RELIEF**

Petitioner has filed all these grounds before the State of Delaware's Highest Court and Petitioner is being denied any relief from the violations of Petitioners Constitutional Rights and Due Process of the Law. Without the protection of this Honorable Court the violations will stay in affect which is a violation of Due Process of the Law and is a Miscarriage of Justice. Petitioner asks this Honorable Court to review this Motion and apply the Law and reverse the Lower Courts decisions and grant relief requested and any and all relief that this Honorable Court deems Petitioner is entitled to. Therefore, Petitioner has no other adjudicated remedy at Law to address theses issues except through Federal Writ of Habeas Corpus.

## SUMMARY OF THE ARGUMENTS

I.  DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL
    IN VIOLATION OF THE DEFENDANT'S RIGHTS UNDER THE SIXTH AND
    FOURTEENTH AMENDMENTS TO THE UNTIED STATES CONSTITUTION
    BY FAILING TO CHALLENGE THE VALIDITY OF THE SEARCH WARRANT

II. THE STATE DID NOT PROVE THE ELEMENTS OF DELAWARE CODE
    STATUTE TITLE 11 DEL. C. 1448(b) BECAUSE IT DID NOT SHOW THAT THE
    DEFENDANT USED OR ATTEMPTED TO USE FIREARM TO CAUSE DEATH
    OR SERIOUS PHYSICAL INJURY

III. AMBIGUOUS STATUTE THE STATE OF DELAWARE USE TWO DIFFERENT
    DELAWARE CODE STATUTES TO FIND PETITIONER GUITLY OF A
    STATUTE THAT DOES NOT EXIST

## STATEMENT OF FACTS

On May 11, 2001 Petitioner was arrested by the Delaware State Police due to the information used from an informant working for the Police that led to Petitioners arrest and conviction. The rest is a matter of record.

## ARGUMENT I

### DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE DEFENDANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY FAILING TO CHALLENGE THE VALIDITY OF THE SEARCH WARRANT.

Standard and Scope of Review for Ineffective Assistance of Counsel

In order to prove ineffective assistance of counsel, the defendant, in a post-conviction proceeding, must demonstrate that counsel's representation "fell below an objective standard of reasonableness, and that counsel's actions were prejudicial. There is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different." Skinner v State Del. Supr., 607 A.2d 1170 (1992), quoting Strickland v. Washington, 466 US 688 (1984). In applying the Strickland standard, there is a "strong presumption that the representation was professionally reasonable." Wright v. State, Del. Supr., 671 A.2d 1353 (1996).

### A.    Trial Counsel Was Ineffective By Failing to Contest the Validity of the Search Warrant.

Trial counsel has a duty to thoroughly review a search warrant and application to determine if probable cause for issuance of the search warrant exists within the four quarters of the warrant application and affidavit. Here, trial counsel was ineffective by failing to thoroughly review the warrant application and affidavit, expressly conceding "that he did not challenge the validity of the search warrant." Glanding v. State, Del. Supr., No. 236, 2002, Order (Dec. 13, 2002)

### 1.    Probable Cause For Issuance Of The Search Warrant Does Not Exist Within The Four Corners Of The Warrant Application And Affidavit.

Standard and Scope Of Review For Issuance of a Search Warrant

The trial court's decision finding that a search warrant was supported by probable cause is reviewed de novo to determine whether there was a substantial basis for finding a fair probability that evidence would be found at the place to be searched under the totality of the circumstances. Illinois v. Gates, 462 U. S. 213, 238 (1983). Probable cause for the issuance of a search warrant is limited to a review of the four corners of the search warrant affidavit. Jensen v. State, Del Supr., 482 A. 2d 105 (1984); Gardner v. State, Del Supr., 567 A.2d 404 (1989). The reviewing court must limit its inquiry to the facts considered by the judge who issued the warrant.

Merits

In order for a search warrant to be issued, probable cause for the issuance must be established. An application for search warrant must be supported by a sworn affidavit that on its face shows facts establishing probable cause to search. Probable cause to justify the issuance of a search warrant must be manifest at the time of the application to make the search. In other words, facts supporting probable cause cannot be stale. Jensen v. State, Del Supr., 482 A.2d 105 (1984).

Although a search may be based on information provided by a confidential informant, the determination of whether an informant's information is sufficient to support a finding of probable cause must be resolved by considering the "totality of the circumstances." Illinois v. Gates, 462 U. S. 213 (1983). In reliance upon Gates, the court in United States v. Hendricks, 743 F.2d 53 (9th Cir. 1984) cautioned "that courts must continue to conscientiously review the sufficiency of affidavits upon which warrants are issued." The reviewing court must determine whether there is

ス

"substantial evidence in the record supporting the magistrate's decision to issue the warrant." United States v. Davis, 714 F.2d 896 (9th Cir. 1983 ).

In Gates, the Supreme Court concluded that probable cause is determined through a "balanced assessment of the relative weights of the various indicia of reliability attendant on an informant's tip." However, an informant's veracity and basis for knowledge are among the elements within the "totality of circumstances" to be considered in determining whether, as a practical matter, there is a fair probability that contraband or evidence of a crime will be found in a particular location. The Court cautioned that an affidavit must still establish a "substantial" basis for the existence of probable clause and "wholly conclusory statements" and "their conclusions" do not support the finding.

The preclusion against relying upon "wholly conclusory statements" and "their conclusions" applies to statements by informants. Under the "totality of circumstances" test, the magistrate making the probable cause determination must have an independent basis for determining the reliability of a confidential informant other than the bald assertion of reliability by the police officer. Conclusory allegations about past performance of an informant are not sufficient to verify the informant's reliability. For example, a showing that the confidential informant has provided information that led to arrests and/or convictions in the past is some verification of his reliability. In other words, an issuing magistrate must have a basis for justifying whether the officer's characterization of the informant's performance is justified.

Even if there is sufficient information to establish the informant's past reliability, the affidavit should establish the informant's basis for knowledge supporting the conclusions attributed to the informant. The basis of knowledge inquiry includes whether the informant's conclusion is based upon first-hand knowledge or hearsay.

3

In <u>Garner v. State</u>, Del Supr., 314 A 2d 908 (1973), the Delaware Supreme Court addressed the issue of what constitutes reliability:

> To measure something as elusive of concrete definition as "reliability," is, of course, a difficult task; boundaries of the term cannot be drawn with any degree of precision. It is certain, however, that a bare statement of the belief of the police officer, as to the reliability of an unnamed informant and the truthfulness of his statements, is not sufficient basis for a judicial accreditation of the report of such informant as "reliable" within the constitutional guarantee. <u>United States v. Harris</u>, 403 U. S. 573 (1971).

Similarly, a bare statement that the informant information came from a "creditable source" is insufficient. <u>Spinelli v. U.S.</u>, 393 U.S. 410 (1969).

For instance, in <u>United States v. Redrick</u>, 90 F.3d 1276 (7th Cir. 1996), it was held that an officer's statement "that the informant provided reliable information in the past" is an unsupported conclusion which does not demonstrate probable cause. In <u>State v. Transou,</u> Tenn. App., 928 S. W. 2d 949 (1996), the contention that the informant "has proved reliable in the past "was held to be insufficient because of the lack of explanatory facts. In <u>State v. Valentine</u>, Tenn. Supr., 911 S. W. 2d 328 (1995), the reference to an informant as a "reputable and reliable person" was determined to be an "insufficient conclusory statement." In <u>State v. Lillie</u>, W. Va. Supr., 461 S.E. 2d 101 (1995) the characterization of an informant as a "reliable confidential informant" was held insufficient and not entitled to credit.

The information contained in the search warrant application and affidavit in this case (Exhibit B) fails to meet the totality of circumstances test for the following reasons:

**a) the conclusory statements regarding the reliability of each informant was insufficient to establish their respective reliability;**

**b) there was insufficient factual basis to credit the information provided by each confidential informant;**

11

c) **the probable clause affidavit was based upon conclusory language, information with out sufficient factual foundation, and stale information, which did not meet the probable cause test.**

**The conclusory statements regarding the reliability of each informant was insufficient to establish their respective reliability.**

The search warrant application in this case referred to three separate confidential informants to support probable cause for the search warrant. The police did not refer to confidential informant #1 as an informant who has provided information which has led to arrests and/or convictions in the past, or that he was otherwise reliable. There is no information that this informant provided reliable information in the past or any other facts demonstrating that he should be accepted as reliable. The court cannot give any credit to the statements of this informant because there are no facts or history to support a finding of his reliability. Since there is no information to support the reliability of this informant, there is no basis to give credit to any of his information.

Confidential informant #2 is referred to as a "past proven reliable individual who has provided drugs and criminal information to the Delaware State Police in the past and that the information provided was determined to be true and correct." It is significant that the officer is unable to say that this confidential informant has provided information that has led to arrests and/or convictions. There is no information about the frequency, duration or recency of the information provided by this informant in the past. While the information provided about this informant is stronger than for confidential informant #1, it still falls short of meeting the test to support a finding of reliability.

Confidential informant #3 is referred to as a "past proven reliable individual and has assisted the Delaware State Police with drug related investigations which resulted in the arrests

5

and convictions of drug dealers." This statement more closely approaches the information needed to assess the reliability of the confidential informant.

**There was insufficient factual basis to credit the information provided by each confidential informant.**

When a search warrant is based on the tips of informants, as in this case, the proper analysis is whether probable cause exists from the totality of the circumstances to determine a sufficient level of reliability of the informant, and the basis of knowledge for his information. Thus, even if a confidential informant has a prior history of reliability, the court must still assess whether the information provided by the informant is credible. Some factors that help determine whether a court had sufficient information in the record before it to issue a warrant are as follows:

1. Whether the informant made firsthand observations;

2. The degree of detail the informant provided;

3. Whether the police corroborated the informant's story with independent investigation;

United States v. McKinney,143 F 3d 325, 328 (7th Circuit 1998).

The information provided by confidential informant #1 does little to establish the factual basis of the information he provided. First, the statement that the defendant "is a distributor of methamphetamine and is known to sell that drug at a bar in Maryland" is a conclusory statement not supported by firsthand observation. There is simply no information establishing this informant's basis for his knowledge. Second, the statement that the defendant has a nickname of "hardhead", and is a member of an outlaw motorcycle club known as the "Pagans" is not information that advances the probable cause test. A person's nickname, and affiliation with a motorcycle club, are not relevant factors in the probable cause equation. Furthermore,

6

membership in the Pagans is meaningless as it is not illegal to be a Pagan. Conversely, there is no basis to conclude that all Pagans are criminals. In short, membership in the Pagans is a red herring since mere membership in this club is not sufficient for a finding of probable cause. Thus, the information provided by confidential informant #1 is not creditable because of the lack of factual basis for the information provided, as well as the nature of the information provided.

The information provided by confidential informant #2 is also flawed. This informant stated that he observed the defendant distribute large quantities of methamphetamine to numerous subjects attending a party, and that he is a distributor of methamphetamine. While the informant provided this information to the police in March, 2001, the informant did not state the time frame of the party where he allegedly observed the defendant engaged in illegal drug activity. Did he observe this activity a week, month or a year ago? It is well-established that the time frame of information provided by the confidential informant is crucial since probable clause cannot be established by stale information. Here, the claim that the defendant allegedly sold drugs at a party cannot be given any weight he since the informant did not provide the time frame when it allegedly occurred. Furthermore, the statement that the defendant's nickname is hardhead, and that he is a member of the Pagans, does nothing to advance the probable cause argument.

Confidential informant #3 made conclusory statements that the defendant is a distributor of methamphetamine and cocaine, and that he has purchased drugs from him several times in the past, and has observed over 50 sales of methamphetamine within the last year, many of which have occurred within the last couple of months. While the information provided by this informant is stronger, because it is allegedly based upon firsthand observation, it still is diminished by the lack of a precise time frame of the illegal activity. Furthermore, he does not

7

provide any basis to conclude that drugs would **currently** be located at Glanding's residence since the only time he observed drugs at that location was when he purchased drugs from Glanding "in the past". Since the informant does not provide a specific time frame for when he "allegedly" purchased drugs from Glanding at his residence, there is no basis to conclude that drugs would **currently** be found at his residence. Lastly, the informant does not state that his observations of "over 50 sales of methamphetamine within the last year" occurred at Glanding's residence. While this informant does provide more specific information about the time frame of his observations of the defendant, the defective information aforementioned is not credible information supporting probable cause.

**The probable clause affidavit was based upon conclusory language, information without sufficient factual foundation, and stale information which did not meet the probable cause test.**

As stated above, the information provided by the three confidential informants was not worthy of credit because it was based upon information from informants with questionable reliability, was conclusory, and did not include sufficient factual detail to support their respective reliability and assertions.

The balance of the affidavit of probable clause is similarly flawed. The defendant's criminal history is not relevant because it is not sufficient to establish probable clause. The defendant's criminal history is improperly included to lead the judge to conclude that because Glanding committed crimes in the past, he was probably committing the crime that he was currently being investigated for. The defendant's criminal history is not a factor to be considered in determining whether an individual is currently committing a crime. Thus, this information was prejudicial and improperly infected the probable cause assessment.

The statement that McGee's Bar, located in Maryland, is a distribution center for methamphetamine, and that it is frequented by numerous members of the Pagan motorcycle club, adds nothing to the assertion that drugs would currently be located in the defendant's residence.

The probable cause affidavit also contains stale information which should not have been considered by the court. This information includes allegations that the defendant was involved in illegal drug activity in 1993, approximately 8 years prior to this investigation.

Lastly, the affidavit reiterates and re-emphasizes the allegations that Glanding is a member of the Pagan motorcycle club, as if it were a crime to be a member of the club. Of course, it is not illegal to be a member of the Pagan motorcycle club, therefore it is not sufficient to conclude that if you are a member of the Pagans, that there is probable cause to believe that you are probably committing a crime.

**2.    The search warrant and application are defective.**

The search warrant is defective on its face, under any scenario. Pursuant to 11 <u>Del. C</u>. § 2310 (a), the police have used the statutory form "search warrant," which is required to state with specificity, that he has reason to believe that a particular place **or location** contains contraband or evidence of a crime. In this case, the actual search warrant never listed 829 Lion Hope Road, as a specific location to be searched. The search warrant is blank following the paragraph…. "as I am satisfied that there is probable cause to believe that a certain property, namely." The failure to list the residence following that paragraph is a fatal flaw rendering the search warrant defective. Furthermore, the reference to addendum #1 does not salvage the search warrant as the addendum does not list the defendant's residence.

**3.    The warrant was so facially deficient that the executing officer did not have a good-**

9

**faith basis to presume that it was valid.**

In <u>United States v. Leon</u>, 468 US 897 (1984), the Court held that the exclusionary rule should not be applied when the officer conducts the search in objectively reasonable reliance on a warrant issued by the detached neutral magistrate that is subsequently determined to be invalid. However, the Court held that suppression remained an appropriate remedy when a warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid.

Here, the executing officer was unreasonable in relying upon the warrant to search Glanding's residence. The affidavit did not contain reliable information demonstrating a current probability that drugs would be found in the residence. Furthermore, since the actual search warrant did not properly identify Glanding's residence as a place to be searched, the warrant was facially deficient. Therefore, the good-faith exception does not apply to salvage the legality of the search.

Lastly, the good-faith exception does not apply to the Delaware Constitution. <u>Dorsey v. State</u>, 761 A.2d 807 (2000). (State exclusionary rule requires suppression of evidence seized when warrant was issued without probable clause, regardless of the good-faith of the police.)

## ARGUMENT II

**THE STATE DID NOT PROVE THE ELEMENTS OF 11 DEL. C. §1448(b) BECAUSE IT DID NOT SHOW THAT THE DEFENDANT USED OR ATTEMPTED TO USE FIREARMS TO CAUSE DEATH OR SERIOUS PHYSICAL INJURY.**

**A Firearm Does Not Constitute A Deadly Weapon Unless It Is Used Or Is Attempted To Be Used To Cause Death Or Serious Physical Injury.**

11 Del. C. §1448(b), entitled Possession and Purchase of Deadly Weapons by Persons

Prohibited, provides, in pertinent part:

> Any prohibited person as set forth in Subsection A of this section, who knowingly possesses, purchases, owns, or controls a deadly weapon or ammunition for a firearm is also prohibited, shall be guilty of Possession of a Deadly Weapon or Ammunition for a Firearm by a Person Prohibited.

A "deadly weapon" is defined in pertinent part under 11 Del. C. §222(5) as follows:

> A deadly weapon includes a firearm, as defined in Subdivision 11 of this section…, **which is used, or attempted to be used, to cause death or serious physical injury.**

Defendant contends that well-established principles of statutory construction support the

interpretation that a firearm must be used, or attempted to be used, to cause death or serious

physical injury before it can constitute a deadly weapon in violation of 11 Del. C. §1448(b). In

other words, a "firearm" only meets the definition of "deadly weapon" when it is "used, or

attempted to be used, to cause death or serious physical injury."

When a statute is ambiguous, e.g., either opaque or susceptible to alternative conflicting

interpretations, the Court will seek guidance from "extrinsic aids," e.g., a legislative history. If

the legislative history and purpose are also ambiguous, the Court may resort to "intrinsic aids,"

such as technical rules of statutory construction.

Delaware recognizes the "last antecedent rule." Matter of Surcharge Classification 0133,

Del. Super., 655 A.2d 295. (footnote 9)(1994). It is a rule of grammatical construction that separation of a qualifying phrase from antecedents by a comma, evidences an intent that the phrase applied to all antecedents instead of solely to the immediately preceding one. Winters v. Township of Voorhees, N.J. Super., 726 A.2d 1013, 1016 (1998).

It is also a principle Delaware law that criminal statutes that provide for enhanced penalties are highly penal and as a consequence must be strictly construed. Kane v. State, Del. Supr., 327 A.2d 744 (1974).

Thus, under accepted rules of statutory construction, the phrase "which is used, or attempted to be used, to cause death or serious physical injury" applies to all antecedents instead of solely to the immediately preceding one. In other words, the subject phrase applies to require that a "firearm" be used or attempted to be used to cause death or serious physical injury before it can constitute a deadly weapon under the Delaware Code.

The trial court erred by its interpretation that a firearm constituted a deadly weapon without requiring proof that it was used or attempted to be used to cause death or serious physical injury. The trial court also erred by providing an erroneous jury instruction of the definition of deadly weapon.

Lastly, 11 Del. C. §1448(b), in conjunction with 11 Del. C. §222(5) is unconstitutionally vague in violation of the defendant's state and federal constitutional due process rights. Consequently, the statute is void for vagueness because it does not provide fair warning of its application or minimal standards to govern its enforcement. In re, Shylish, 743 U.S. 165 (1999).

In short, there was insufficient evidence to find the defendant guilty of PDWBPP since there was a complete absence of any evidence that he "used or intended to use [firearms] to cause death or serious physical injury." In other words, defendant's mere possession (actual or

12

constructive) of firearms is insufficient to establish a violation of 11 Del. C. §1448(b).

Furthermore, since the court erred in interpreting the statute, and provided an erroneous jury

instruction, the defendant was deprived of a fair trial in violation of his state and federal

constitutional due process rights. Next, since the subject statutes are unconstitutionally vague,

defendant's convictions must be vacated because §1448(b) is unconstitutionally void for

vagueness.

Lastly, defense counsel was ineffective by failing to object to the court's interpretation of

11 Del. C. §222(5) and §1448(b), by failing to object to the erroneous jury instruction, by failing

to move for dismissal based upon the absence of evidence supporting the offense, by failing to

object to the constitutionality of §1448(b), and by failing to raise these issues on direct appeal.

**WHEREFORE,** Movant asks that the court grant him all relief to which he may be

entitled in this proceeding. Movant is seeking the following:

1.    Fact Finding Hearing and/or oral argument
2.    Order reversing his convictions

Respectfully Submitted

MICHAEL W. MODICA, ESQUIRE
Attorney for Henry Glanding
P.O. Box 437
Wilmington, DE 19899

11/17/04
Date Signed

(NOTE: Defendant reserves the right to amend/supplement this motion.)

13

# ARGUMENT III
## AMBIGUOUS STATUTE

Petitioner was charged and Indicted for Possession of Firearm By Person Prohibited from here on addressed as (P.F.B.P.P.) the State of Delaware used Delaware Code Statute Title 11 Del. C. 1448(b) to obtain a guilty Verd, But under this Delaware Statute (P.F.B.P.P.) does not AT TRIAL. exist. Under this Delaware Statute Title 11 Del. C. 1448 (b) the charge reads as Possession of Deadly Weapon By Persons Prohibited from now on addressed as (P.D.W.B.P.P.) this is the Statute used to find Petitioner guilty of not (P.F.B.P.P.) under Delaware Code there is no such charge or Statute of (P.F.B.P.P.). Therefore, Petitioner can not be found guilty of a charge that does not exist. The State of Delaware can not use a Firearm as a Deadly Weapon unless it was proven to be used to harm or kill someone in the Petitioners case the State of Delaware never proved the Firearm to be a Deadly Weapon. Therefore, since Petitioner was not charged with (P.D.W.B.P.P.) and the Firearm was not proven to be a Deadly Weapon the Petitioner can not be found guilty of this charge. Due to the States mistake of charging the Petitioner with an Ambiguous Statute the State then uses two different Statutes to find the Petitioner guilty. Along with the Delaware Code Statute Title 11 Del.C. 1448(b) (P.D.W.B.P.P.) the State of Delaware uses another Statute which is Delaware Code Statute Title 11 Del. C. 222(5) which is a Deadly Instrument. This Statute lists a Firearm as a Deadly Instrument, a Deadly Instrument is not a Deadly Weapon. Petitioner was found guilty of a Deadly Weapon not a Deadly Instrument. The State of Delaware use this Statute to justify the Firearm as a Deadly Instrument because this is the only Statute that list the Firearm as a Deadly Instrument. And again Petitioner was not charged with this Statute and therefore can not be found guilty of any part of this Statute. The State of Delaware made a mistake by charging Petitioner with an Ambiguous Statute and then try to justify this by Unconstitutionally using two different Statutes to obtain a conviction on the Ambiguous Statute. This is Illegal and Unconstitutional and renders the Indictment invalid and must be dismissed. Due to Petitioners argument of the State misconstruing the Statues two Bills were introduced to the Delaware Legislate Bill 164 and Bill 146 in May, 2005. These Bills were used to Amend the Delaware Code Statute Title 11 Del. C. 1448(b) (P.D.W.B.P.P.) to obtain a Conviction on the (P.D.W.B.P.P.) Statute. This is due to Petitioners case. (see Appendix Ex.

For copy of Bill and letter from Petitioners Lawyer stating that this was done as result of Petitioners Appeal).

Also, Petitioner was charged with Duplicity and Multiplicity this is Illegal Petitioner was charged 15 times and punished from one offense. Therefore, Duplicity and Multiplicity applies, under Blockburger the Same Elements Test determines weather Multiple charges constitute the Same Offense and therefore are barred by Double Jeopardy see Hunter V. U.S. 459 at 367-68 Blockburger is the rule of statutory construction that applies only where uncertainty exists as to Legislative intent of imposed Multiple punishments, in which case cumulative punishment can be imposed only for offenses that are not the Same Elements under Blockburger U.S. V. Studifin 240 F. 3d 415, 418-19 (4th Cir. 2001). Multiple charging is a violation of Double Jeopardy Clause which violates Petitioners Constitutional Rights and prejudice the Petitioner as a result of cruel and harsh punishment. Therefore this conviction is Illegal and Unconstitutional, and Petitioner asks this Honorable Court to dismiss the Indictment, drop the charges, vacate the sentence, or grant any and all relief that Petitioner is entitled to, or what this Honorable Court deems appropriate.

## CONCLUSION

There's been a grave Miscarriage of Justice and Violation of Due Process of the Law and a violation of the Petitioners Constitutional Rights due to Petitioners Counsel being Ineffective in this case. In the Interest of Justice the Arguments, Facts, and Legal Authorities respectfully submitted before this Honorable Court, the Inferior Court of the State of Delaware decision must be reversed as a matter of Law and remanded back to the Superior Court of the State of Delaware for further proceedings.

## Relief Requested

Therefore, the Petitioner Henry Glanding respectfully request this Honorable Court to reverse the Superior Court of the State of Delaware's decision to deny Post-Conviction Relief. Petitioner asks this Honorable Court to grant any and all relief that the Petitioner is entitled to.

1. Set aside Verdic.
2. Dismiss Indictment
3. Grant Evidentiary Hearing
4. Vacate Sentence
5. Appoint Counsel

Respectfully Submitted,

Dated : 7 - 26 - 07

Henry Glanding Jr.
Henry Glanding
D.C.C.
1181 Paddock Road
Smyrna, Delaware 19977

## Certificate of Service

I, HENRY W GLANDING JR ,hereby certify that I have served a true
And correct cop(ies) of the attached: ( PETITION UNDER 28 U.S.C. # 2254
FOR A WRIT OF HABEAS CORPUS) _____ upon the following
parties/person (s): UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF DELAWARE.

TO: J. CALEB Boggs Building        TO: _____

844 KING STREET                    _____

LOCKER BOX 18                      _____

Wilm DeL. 19801                    _____

_____            _____


TO:_____         TO: _____

_____            _____

_____            _____

_____            _____

_____            _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.


On this_____day of ___7 - 26 - 07_____,200 7

                        Henry W Glanding Jr.



IM HENRY Glawding JR
SBI# 132504 UNIT ↓WEST A-1-3-B.
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

UNITED STATES DISTRICT COURT FOR the
J. CALEB Boggs Building
844 King STREET
Locker Box 18
Wilm Del 19801