IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HENRY W. GLANDING, JR, )
        Petitioner, )
        v. )  Civ.Act. No.07-469-***
ELIZABETH BURRIS, Acting Warden )
and JOSEPH R. BIDEN, III, Attorney )
General for the State of Delaware, )
        Respondents. )

FILED JAN 02 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE

**Answer To States Answer.**

**Request For 90 Extention on**

**AEDPA Act: 1 year Time Period.**

The State starts off by saying what Mr. Glanding did and what Mr. Glanding didn't do. I would like to clearly state that Mr. Glanding had a total of five Paid Attorney's and the same Public Defender two times. Any time Mr. Glanding tryed to do something threw the Courts Mr. Glanding was told he had to go threw his Attorney's. These are the same Attorneys whom would not answer my Letters or Return my Fiancees phone Call's. Mr. Glanding's Lawyors were 1) Lloyd A. Schmid. 2) David Jones. 3) Andre Beauregard. 4) Kevin Howard 5) Lloyd A. Schmid. (secound-time) 6) Thomas D. Donovan. 7) Michael W. Modica.

1

When I filed my Direct Appeal I had Mr. Schmid as attorney. I ask him a number of time's to file it for me, and how much time did I have in which to file Direct Appeal. He never did answer me, or file it until I tryed myself to file it and to go Pro-Se, which Courts denied. Court contacted Mr. Schmid and told him to recognize his continuing obligation's and instruct Mr. Glanding not to file any more motion's or appeals without going threw his attorney. I had ask for new attorney becuse Mr. Schmid was not doing his job! Mr. Schmid filed Rule 26(c) Before that. I didn't understand how Mr. Schmid could still represent me on the severed second hafe of same case? Under Mr. Schmid's counsel I had a miss-trial the first part of second hafe of severed case. After that was a new attorney (Mr. Thomas D. Donovan). Any timing issue's with my Direct Appeal would be Lloyd A. Schmid's fault. I tryed to file in timely maner as Court Docket show's (see attached Appendix) Mr. Schmid and I didn't get along as my first lawyor or as my fifth lawyor. Mr. Schmid Refused to file motion's, breif's "as per regested"

AND NEVER STAYED IN CONTACT WITH ME THE hole TIME he WAS my ATTORNEY. I would SEE MR. Schmid JUST before I WAS To go INTO THE Court Room (from court holding cell.) AND THAT WAS IT. I hired MR. Michael W. Modica on 11-24-2003. IT Took him Almost A hole YEAR To do And file my Rule 61 Post Conviction Motion. Which I did most of for him. I had To THREATEN MR. Modica with the BAR-ASSOCIATION A Number of Time's. MR. modica ALSO promised me he would LET ME Review my Post Conviction motion "Before" he filed it. "which he did NOT"! The hole Time Im Trying To Learn How To be A ATTORNEY so I CAN do this WORK myself becuse, I could NOT find A ATTORNEY To whom would Try To Win my CASE OR APPEALS AND/ORE MOTION'S, ONCE Thay WERE Paid - (ATTORNEY's) - ALL CODE OF Ethic's stoped! MR. Schmid filed his MOTION Rule 26(c) on grounds of he could NOT find ANyThing in my CASE To APPEAL on. But he STILL STARTED out AS my ATTORNEY In The SECOND "SEVERED hafe" of the SAME CASE. This is conflict of INTREST! My Appeal To The Supreme Court WAS DENIED on May 16, 2006.

3

I filed my Habeas Corpus U.S.C. § 2254 on 7-26-07. Petitioner ask in his Habeas Corpus for the U.S. District Court of Delaware to grant me the 90 day extention under the "Intrest of Justice". This legal work has been a trying challenge for me becuse I'm not a attorney. I am a "Tree Trimber by Trade". Under the (AEDPA) Act: Equitable Tolling Miller V. New Jersey State Dept of Correction's 145 F. 3d. 616, 618 (3rd Cir. 1998)

1.) Habeas Corpus ⚖ 603. (AEDPA)
One-year limitation period for filing habeas petition's is a statute of limitations. "Not a Jurisdictional bar". Thus, is subject to equitable tolling. 28 U.S.C.A. § 2244(d)(1). The State ask for and got more time extended to them than what I'm asking for. In fact the State is still on a extention of Time.

I would also like to point out that my 14 day's time period in which to answer to State's answer fell on Christmas and New Year's Holliday's. Which means I've had just one week, with just two day's Law Library time in which to prepare this answering motion, breif.

4

I'm 71 days past the 1 year Time Limit on 28.U.S.C. § 2254 Habeas Corpus. I ask this court to grant me a "90 day" Time extention in the intrest and fairness of Justice.

Claim One: "Ineffective Assistance of Counsel"

I was denied in "Suppression hearing and Trial" the right to confront my accuser. (CI. Snitch) This was ask for at Both: (See Suppression Trans. Appendix) Raised in Habeau Corpus motion To. U.S.C. § 2254. Confrontation Clause.

The Sixth Amendment's confrontation clause provides a criminal defendant the right to "directly" encounter hostile witnesses. The right to cross-examine advere witnesses. By guaranteing these Right's. The confrontation clause serves to "ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing". In an adversarial proceeding. My hole case was based on Evidence obtained from hearsay information from CI's, To get a Search warrant. The State's Informant (James Craig "Chopper" Patterson). Was shown to be "Not"

5

reliable when all Maryland charges where droped! "Notice of Nol Pros." See Appendix: this is the same CI - Delaware used to get a search warrant! When I requested at trial to face my accuser the court would stop, and my attorney Mr. Schmid would go over to talk to D.A. The side bar hearing would happen with the Judge, D.A. and my Attorney (Mr. Schmid) these proceedings was never made record of (Taped - Typed) I mean, other than "stop" - in transcript to state side bar hearing. Transcript shows two or three side bar stops. "Not Transcripted" my Attorney Mr. Schmid then would come back and tell me something stupid and trial would go on. Mr. Schmid told me my copy of search warrant did not have a court seal becuse that is the way they come to + threw the public defenders office. Every time I would bring up invalid search warrant with "Court Seal" Mr. Schmid would side track that issue, we argued constantly! I ask repeatedly for new counsel! None given. I wrote the head of Public Defenders office to, no answer.

6

Invalid "Warrantless Nighttime Search."

Claim Two: 11. Del. C. §§ 2308, - 2310 Search at Night Time

Now in the State's Answer to my Habeas Corpus, thay left out my challenging the Search Warrant. I stated that the Police testified thay had a "Day Time Search Warrant". The Police went into my house at 9:00 Pm to 9:30 Pm. The Police testified thay was going to wait until 10:00 Pm before thay executed there search warrant. The Police also testified thay was in my house until 11:55 Pm to 11:59 Pm. Under 11. Del. C. § 2308 and 11. Del. C. § 2310(B) Statute's state Nighttime Search Warrant, and Search at Nighttime. (Nighttime shall mean period of time between 10:00 Pm to 6:00 Am.) In my Post Conviction Motion and Habeau Corpus Motion I challanged the Search Warrant a number of different way's. There was not enouph evidence to obtain a Search Warrant, Stace information, Hearsay Information, and the "Four Corner's" Test. 11. Del. C. § 2308 Search at Nighttime. The Police conducted mostly a "Nighttime Warrantless" Search of my "house." 11. Del. C. § 2308 also State's. "Four Corner's" Test which I used in Post Conviction Motion. Statute Reads.

7

"Four Corners" test is applicatable to the determination of whether a warrant may authorize a search at nighttime. Under this section. In other words, sufficient facts showing that a nighttime search is necessary to prevent the escape or removal of the person or thing to be searched for must appear on the face of the affidavit before such a search may be authorized. <u>Henry V. State</u>, Del. Supr., 373 A.2d. 575 (1977) There is nothing on my search warrant that meats the requirements of <u>11. Del.c. § 2308 - 2310</u> Sence I was in police custody at that time. "Four Corners" test was used in my Post Conviction Motion Also in Habeau Corpus motion. There was no Authority expressly given in the warrant. My search warrant read and police testified thay had a "Daytime Search Warrant" <u>Mason V. State</u>, Del. Supr., 534 A.2d. 242 (1987) <u>State V. Bruton</u>. A. 2d. (Del. Supr., CT. Feb 8. 2002) <u>Gooding V. United States</u>. 416 U.S. 430. 94 S.CT. 1780 40 L.Ed. 2d. 250 (1974) <u>Aguilar V. Texas</u>, 378 U.S. 108, 84 S.CT. 1509, 12 L.Ed. 2d 723 (1964) <u>Hanna V. State</u>, Del. Supr., 591 A.2d. 158 (1991) <u>Petit V. Colmary</u>, 1903. 4 Penne, 266, 20 Del, 266, 55 A. 344

Also before my trail started for the firearm's I filed a motion for suppression of evidence. I challanged the stop and search of my truck.

8

which led to the search of my house, also Police refused to give me a copy of said search warrant. The unconstitutional search and seizure conducted upon my vehicle supplied "poisonous fruit" that led to the illegal non-consenting questionable execution of a valid search warrant on Petitioner's residence. This was all backed up with case laws. This "is" challenging the validity of search warrant. Motion was filed on Nov. 10, 2001. Copies was sent to all partys. (see Appendix) Table of contense for copies of "Suppression hearing motion's and Transcripts" This motion was never heard to my knowledge. On March 4, 2002, the Superior Court held a Suppression Hearing in Judges chambers. On page 5 of Suppression Hearing Trans. Glanding's attorney challanged the stop and search of Glanding's vehicle. The valid issuance of the circumstances of the issuance of the search warrant in relation to the "Timing of the search of the Residence," and assert that the state did not have a legitimate finding of probable cause to search, made by a neutral judicial officer at the time that they conducted the search. My application for search warrant lacks signature. His name is printed not signed. Application and search warrant lack court seal's. Search warrant lacks address of place to be searched.

9

On page 65 of Suppression Hearing Trans. Line 11-16. State's Reason For Search Warrant and Daytime Search Warrant. Police also testified they was at my house the day before charges was ever filed in Maryland. But Delaware Police Search Warrant was from Felony charges from Maryland, Police are acting a hole day before charge's are ever filed in Maryland. But NCIC Computer hit was supposedly used next day. (Conflicting store). Then on page 95 Suppression Hearing Trans, Line 8-10 my Attorney Lloyd Schmid say's he does not want to challange the valitidy of Search Warrant. That clearly shows ineffective assisstance of Counsel. Page 96 of Supression Hearing Trans, show Glanding's Counsel went into Suppression Hearing without case law's to argue with also. Judge ask him if he had any case laws to back up arguement. Mr. Schmid said "No"! Page 101 of hearing Trans, Mr Schmid states Mr Glanding does "Not" have a violent history on his Records. See: Attached Appendix for copy of Suppression Hearing Transcript, and other supporting evidence used in Rule 61 Post Conviction Motion. Petitioner has shown established decision of the State Court's was contrary to, an objectivly unreasonable astablished Federal Law. Court Suppression Hearing motion and transcripts show

FACTUAL DETERMINATION. See: §§ 2254 (d) (2)(e) (1), PETITIONER has shown by motions and Court Suppression Hearing Transcripts that..

1) Counsel's representation fell below an objective standard of reasonableness: And,

2) There is a reasonable probability that, but for Counsel's error, the result of Glandings trial would have been different.

3) This also shows Prejudice to defense! A Defective Search Warrant, And/or A- Warrantless Nighttime Search would of resulted in Suppression of Evidence. That is Prejudice to me the Petitioner. STRICKLAND V. WASHINGTON, 466 U.S. 668. 687-88 (1984) WELL'S V. PETSOCK, 941 F.2d. 253, 259. (3d Cir. 1991)

The STRICKLAND standard is "clearly established" for purposes of § 2254 (d). WILLIAM V. TAYLOR, 529 U.S. 362. 391. (2000) A Habeas Petitioner must allege facts which, if accepted as true, would satisfy both prongs of the STRICKLAND TEST: deficient performance and prejudice to the defense. (I've done that) See: WELLS, 941 F.2d. AT 259-60 cf. SISTRUNK V. VAUGHN, 96 F.3d. 666, 670 (3d Cir 1996) Petitioner has shown concrete proof of ineffective Counsel,

11

and prejudice to Petitioner. "ME" Petitioner also has shown a "WARRANTLESS NightTime Search" Motion's filed to the Superior Court an; Copies of Suppression hearing are "undisputable Evidence"!

CLAIM THREE

1) 11. Del. C. § 1448 is unconstitutionally vague, void an is a Ambiguous Statute. A ambiguous statute is reconizable on Federal Habeas Corpus Level. NATHANIEL JONES V. UNITED STATES. No. 97-6203 WESTLAW 119 S.CT. 1215 143 L.Ed. 2d. 311, 67 USLW 4204, 99 Cal. Daily Op. Serv. 2116, 1996 Daily Journal D.A.R. 2721, 12 FLA L. Weekly Fed. S. 152 (Cite as: 526 U.S. 227, 119 S.CT. 1215:

The subsection provides for graded sentencing ranges, predicted upon specific findings. (Such as Serious Bodily injury or Death) See e.g. 8 U.S.C. 1324 (A)(1) Section 2119. Congress could comply with this principle by making only minor changes of "Phraseology" that would leave the statutory scheme, for practical purposes, unchanged. To be shore, the drafting could have been more clear, and my proffered interpretation would have been better implemented,

12

if the word "Shall" at the end of the first paragraph had been followed by a verb form (eg. "be punished") and a "period", Not comma. The more likely explanation is that Congress set forth the offense first and the punishment second, without intending to combine the two. In Re Winship, 397 U.S. 358, 90 S.Ct 1068, 25 L.Ed. 2d. 368 (1970) Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53. L.Ed. 2d. 281 (1977).

2) If the Legislative intent is "Ambiguous", the Blockburger "Same Elements" Test determines whether multiple charges constitute the "Same Offense" and are therefore barred by double Jeopardy. This analysis also applies to multiple punishments in a single prosecution for greater and lessor included offenses. See.. Hunter 459 U.S. at 367-68 (Blockburger is Rule of Statutory Construction", that applies only where uncertainty exists as to legislative intent of impose multiple punishments, in which case cumulative Punishment can be imposed only for offenses that are not the "Same Elements" under Blockburger); See..e.g. U.S. v. Studifin 240 F.3d. 415-19 (4th Cir 2001)

The state indicted petitioner for P.F.B.P.P. Possession of Firearm by Person Prohibited <u>11. Del. C. § 1448</u>. Petitioner was found guilty of Possession of "<u>Deadly Weapon</u>" by Person's Prohibited and Firearm Ammunition. <u>11. Del. C. §-1448</u>.. P.D.W.B.P.P. has a three part diffinishion, each seporated with a comma. "<u>Not Period</u>" the state say's they do not have to read or use all three elements of statute to find me guilty of P.F.B.P.P. even though that reading is not under statute No# <u>11. Del. C. § 1448</u>! It reads P.D.W.B.P.P. ("Deadly weapon) Not Firearm. Both have same statute No# <u>11. Del. C. § 1448</u> the state is finding me guilty of a "Deadly Weapon" without reading statute as a hole, all three elements of that statute should apply to statute. The state argues petitioner ask them to define a deadly weapon. Petitioner is just asking that Delaware's own law be read as it reads. <u>11. Del. C. § 1448</u> reads in Title 11 law book as "Possession of Deadly Weapon by Person Prohibited and Firearm Ammunition." "Not Firearm!"

3) Petitioner was arrested 1.5 miles away from property where guns were found. "<u>No Immediate Reach</u>"!

4) This statute has been amended three times sence I was found guilty of it. On May, 2005, legislation made stylistic changes to statute, after arguements raised in my Post Conviction motion which was addressed by Superior Court just before Bill #164 was entered and was stricken, but Bill #146 was amended. Both are results of my arguement. Plus <u>11. Del. C. § 1448</u> is the same statute no matter how you read it. Its a ambiguous statute that State uses <u>11. Del. C. § 222</u> to justify. I was not indicted or charged <u>with 11. Del. C. § 222</u>.

"Knowledge of Possession" was used to find me guilty reading as: "<u>This reading was use to find me guilty</u>" To be guilty of a violation of this section. A person need only know that he or she possessed a weapon; this section does not require the person to know that it was criminal to do so. <u>Kipp V. State</u> Del, Supr., 704 A.2d. 839 (1998). "<u>Amended June 24, 1999</u>".

This was amended Dec. 13, 2002. Right after I was convicted of it. It was changed to read:

"KNOWLEDGE OF POSSESSION" "12-13-2002 Amended"

Just after my conviction of 11. Del. C. § 1448. Statute reads: So long defendant knew of defendants own possession of weapons, the issue of whether defendant knew that defendant was not supposed to have them as a person's under disability was entirely irrelevant. Glanding V. State, 812 A.2d. 899 (Del. 2002)

I didn't know other people owning guns around me made me in possession of there guns. There was nothing in my trial about a person being "disabled". "This Refures to me", this shows the statute was again "Amended", showing "Ambiguous Statute" 11. Del. C. § 1448 has about 20 ways a person can be found guilty of it, espeoaccy when the state breaks the statute into bits and peaces to find a person guilty. Then the state leaves out the part that will find a person innocent. Then the state bring's in 11. Del. C. § 222. "Deadly Instrument" when Petitioner argues the reading of the statute as Ambiguous, Void And Vague. Im not charged or found guilty of 11. Del. C. § 222. How can it be used against me? This is clearly a Ambiguous statute which Ive raised in Rule 61 Post Conviction Motion. "Matter of Surcharge Classification 0133" Del. Supr. 655 A.2d. 295 (Footnote 9) (1994) It is a rule of grammatical construction that separation of a qualifying phrase from antecedents by a comma, evidence an intent that the phrase applied to all antecedents instead of solely to the immediatly preceding one.

16.

Winters V. Township of Voorhees, N.J. Supr., 726 A.2d. 1013. 1016 (1998) Kane V. State, Del. Supr., 327 A.2d. (1974) Consequently, the statute is void for vagueness becuse it does not provide fair warning of its application or minimal standards to govern it's enforcement. In Re Shylish, 743. U.S. 165 (1999) In short, there was insufficient evidence to find the defendant guilty of P.D.W.B.P.P. since there was a complete absence of any evidence that he "used or intended to use [Firearm] to cause death or serious physical injury." Furthermore, since the court erred in interpreting the statute, and provided an erroneous jury instruction, the defendant was deprived of a fair trial in violation of his state and federal constitutional rights. Next, sence the subject statute's are unconstitutionally vague, defendants conviction's must be vacated becuse § 1448 is unconstitutionally void for vagueness. Lastly: defense counsel was ineffective by failing to object to the courts interpretation of 11.Del.C. § 1448 an § 222, by failing to object to erroneous jury instruction, by failing to move for dissmissal based upon the absence of evidence supporting the offense. By failing to object to the constitutionality of § 1448, and by failing to raise these issues on direct appeal

Wherefore: Mouant ask that the U.S. District Court grant him relief to which he is intitled in this proceeding. Petitione is seeking the following.
1) Order reversing his convictions.
2) Suppression of all evidence.

3) UNDER A "ILLEGAL WARRANTLESS SEARCH" AT NIGHTTIME. "WARRANTLESS SEARCH" would be grounds to "withdrawl the PLEA BARGIN" FOR COCAINE I TOOK. ESPECALLY UNDER INEFFECTIVE ASSISTANCE OF COUNSEL, AND PREJUDICE TO OUTCOME OF TRIAL CASE. I wish to withdrawl it! PLEA BARGIN.

4) DAMAGES AND RESTITUTION'S Im INTITLED TO.

DATED: 12-28-07

Henry W Glanding Jr.
HENRY W GLANDING JR
DELAWARE CORRECTIONAL CENTER
1181 Paddock Rd.
Smyrna Del. 19977

## Certificate of Service

I, HENRY W GLANDING JR, hereby certify that I have served a true And correct cop(ies) of the attached: ANSWER TO STATES ANSWER. MOTION. upon the following parties/person (s):

TO: OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING STREET. LOCKBOX 18
WILMINGTON DEL. 19801 - 3570

TO:

TO:

TO: JAMES TURNER WAKLEY
DEPARTMENT OF JUSTICE
820 N. FRENCH STREET
WILMINGTON DEL.
19801 - 3570

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 28 day of DEC, 2007

Henry W Glanding Jr.

19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY W. GLANDING, JR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ.Act. No.07-469-*** |
| ) | |
| ELIZABETH BURRIS, Acting Warden ) | |
| and JOSEPH R. BIDEN, III, Attorney ) | |
| General for the State of Delaware, ) | |
| ) | |
| Respondents. | |

**ORDER**

This _____ day of _____, 2007

_____

_____

_____

_____

_____

IT IS HEREBY ORDERED that _____

_____

_____

_____

United States District Judge