IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HENRY W. GLANDING, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-469-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

Henry W. Glanding, Jr. *Pro se* petitioner.

James T. Wakley. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**[2]

Sept 24, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January, 2008, replacing former Warden Thomas Carroll, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

[2] This case was assigned from the Vacant Judgeship to the undersigned on February 1, 2008.

Sleet, Chief Judge

## I. INTRODUCTION

Petitioner Henry W. Glanding, Jr. ("Glanding") filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 1.) Glanding is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. For the reasons discussed, the court concludes that the petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In October 2001, Glanding was re-indicted for fifteen counts of possession of a deadly weapon by a person prohibited, one count of possession of ammunition by a person prohibited, and eleven other charges. Prior to trial, the Superior Court granted Glanding's motion to sever the fifteen weapons' counts and the one ammunition count from the other eleven charges. In March 2002, a Delaware Superior Court jury convicted Glanding on all fifteen weapons' counts, and the Superior Court dismissed the ammunition charge. *See Glanding v. State*, 812 A.2d 899 (Table), 2002 WL 31796278 (Del. Dec. 2002). The Superior Court sentenced Glanding in April 2002 to a total of thirty years imprisonment at Level V, suspended after fifteen years for nine years of probation. Glanding appealed, and the Delaware Supreme Court affirmed Glanding's convictions and sentences in December 2002. *Id.*

In November 2004, Glanding filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Rule 61 motion was referred to a Superior Court Commissioner, who recommended that the Superior Court deny the Rule 61 motion as procedurally barred under Rule 61(i)(3). *See* (D.I. 29, State's Ans. Br. In

1

Glanding v. State, No.631,2005, at Exh. C.) The Superior Court adopted the Commissioner's Report and Recommendation in November 2005, and denied the Rule 61 motion. *Id.* Glanding appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on May 16, 2006. *Glanding v. State*, 901 A.2d 119 (Table), 2006 WL 1360160 (Del. May 16, 2006).

Glanding filed his federal habeas petition in July 2007. (D.I. 1.) The petition presents three grounds for relief: (1) defense counsel provided ineffective assistance by not challenging the validity of the search warrant; (2) the State failed to proffer sufficient evidence to convict Glanding of possession of a deadly weapon by a person prohibited; and (3) he was convicted of a charge that does not exist under Delaware state law, possession of a firearm by a person prohibited. The State filed an answer arguing that the petition should be denied as untimely. (D.I. 20.) Glanding filed a response, asking the court to equitably toll the limitations period and find the petition timely filed. (D.I. 23.)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

2

prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant petition is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Glanding does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Glanding's conviction became final under § 2244(d)(1)(A).

The Delaware Supreme Court affirmed Glanding's convictions and sentences on December 13, 2002, and he did not seek certiorari review by the United States Supreme Court. As a result, Glanding's judgment of conviction became final on March 13, 2003. *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitations period under § 2244(d)(1)(A) begins to run upon the expiration of the 90 day period for seeking review in the Supreme Court.). Thus, Glanding had until March 13, 2004 to timely file his petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Glanding, however, did not file the petition until July 26, 2007, more than three years after the expiration of AEDPA's limitations period.[3] Accordingly, the petition is time-barred,

---

[3] A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

3

unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers,* 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Lovasz v. Vaughn,* 134 F. 3d 146, 148 (3d Cir. 1998).

In this case, Glanding's Rule 61 motion does not toll the limitations period because it was filed on November 19, 2004,[4] approximately six months after the expiration of AEDPA's one-year filing period. Thus, Glanding's petition is time-barred unless equitable tolling of the limitations period is warranted.

---

Presumably, Glanding could not have presented the petition to prison officials for mailing any earlier than July 26, 2007, the date on the petition. Therefore, the court adopts July 26, 2007 as the filing date. *See Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002).

[4]*See* D.I. 1.

4

### C. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in very rare situations. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. New Jersey State Dept. of Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

After reviewing the record, the court rejects Glanding's argument that his untimely filing should be excused because it was due to the fact that it took more than one year for him to exhaust state remedies. Although it may have taken more than one year for the Delaware state courts to reach a final decision with respect to Glanding's Rule 61 motion, Glanding does not explain why he waited one year and eleven months after the affirmance of his conviction to file his Rule 61 motion in the first place. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 170 n.10 (3d Cir. 2003).

5

Moreover, to the extent Glanding asserts that his failure to comply with AEDPA's limitations period should be excused because his non-compliance was the result of his lack of legal knowledge, or a mistake in computing the time-period due to that lack of legal knowledge, such factors do not constitute extraordinary circumstances for the purpose equitable tolling. (D.I. 23.); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). The court concludes that equitable tolling is not warranted, and therefore, the court will dismiss the petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Glanding's § 2254 petition is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Glanding's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HENRY W. GLANDING, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-469-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

At Wilmington, this 24th day of Sept., for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Henry W. Glanding, Jr.'s application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 1.)

2. The court declines to issue a certificate of appealability because Glanding has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

CHIEF UNITED STATES DISTRICT JUDGE



FILED

SEP 25 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE